UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN ADOLFO PEREZ ARAGON,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ JR., et al.,<br><br>Respondents. | No. 5:26-cv-03281-JDE<br><br>ORDER REGARDING PETITION |

On June 12, 2026, Christian Adolfo Perez Aragon ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities (Dkt. 1, "Petition" or "Pet."); and an Ex Parte Motion for Temporary Restraining Order (Dkt. 2, "TRO Request"). Petitioner was detained on November 14, 2025 and his removal proceedings are ongoing. He claims his "prolonged detention" based solely on flight risk violates his due process rights and the "only custody redetermination" he has been afforded was "constitutionally inadequate." He seeks immediate release, or alternatively, an individualized custody hearing before a neutral decisionmaker at which the government bears the burden of demonstrating by clear and convincing evidence that his continued detention is

justified; a declaration that his continued detention violates the Due Process Clause; an order enjoining Respondents from transferring or removing him during the pendency of this case; and an order enjoining Respondents from re-detaining him unless and until his re-detention is ordered at a custody hearing before a neutral decisionmaker at which the government bears the burden of proving, by clear and convincing evidence, that he is a flight risk or danger to the community. Pet. at 12. On June 18, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Petitioner did not file a reply, despite an opportunity to do so (Dkt. 5 at 2, ¶ 4).

This is not Petitioner's first challenge to his immigration detention. Although the parties did not cite Petitioner's prior habeas proceeding before this Court, the Court takes judicial notice of its own docket, and the prior proceedings in that action. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018). On April 1, 2026, Petitioner filed a prior habeas petition challenging his ongoing detention by immigration authorities without a bond hearing, arguing that a February 17, 2026 bond hearing he received was "constitutionally deficient." See Aragon v. Warden Adelanto Detention Facility, et al., Case No. 5:26-cv-01569-JDE (C.D. Cal.) ("Prior Action"), Dkt. 1. Although it was not apparent Petitioner was entitled to habeas relief, as Respondents did not oppose the alternative relief sought in that petition, including a new bond hearing, the Court interpreted the lack of opposition as an agreement by Respondents to reopen the prior denial of bond in the context of the ongoing removal proceedings, and ordered Respondents to comply with that agreement by providing Petitioner a new bond hearing before an immigration judge ("IJ"). Id., Dkt. 14.

Petitioner makes no mention of this in the instant Petition. Rather, as he did in the Prior Action, he argues that the February 2026 bond hearing, denying bond based on flight risk, which he refers to as the "only custody

redetermination" he was provided, was "constitutionally inadequate." Pet. ¶¶ 35, 58. He claims there has been no finding that he is a danger to the community, and detaining him solely based on flight risk violates his substantive due process rights. Id. ¶¶ 7, 24, 42, 52, 54-55.

Petitioner's arguments are belied by the record. Petitioner has had three bond hearings since he was detained in November 2025, with the IJ finding Petitioner is a danger to the community at the most recent two. In addition to the February 2026 bond hearing, documents attached to the Answer reflect a custody redetermination hearing held on April 28, 2026, at which bond was denied because Petitioner failed to show he is not a danger to the community. Ans., Exh. B. A third custody redetermination hearing was held on May 20, 2026, at which the government bore the burden of justifying detention and established by clear and convincing evidence that Petitioner's release would pose a danger to the community. Id., Exh. C (citing Matter of Salas Pena, 29 I & N Dec. 173 (BIA 2025) ("the respondent's recent arrest for trafficking in a large quantity of cocaine demonstrates that he is a danger to the community and does not warrant release on bond")). Thus, contrary to Petitioner's assertions that he "does not present a danger to the community" and "no adjudicator has ever found otherwise" (Pet. ¶ 42), he is, in fact, being detained because the government established by clear and convincing evidence that he is a danger to the community. Petitioner asserts he has "no criminal history" (id. ¶ 6); yet, an uncontradicted Form I-213 reflects Petitioner was referred to immigration authorities after the Drug Enforcement Administration encountered him "during a traffic stop in connection to the discovery of 2000lbs of methamphetamine." Id., Exh. D.

As Petitioner does not address Respondents' contentions or provide any additional information, despite the opportunity to do so, the Petition is denied as the unrebutted and uncontested record reflects Petitioner has been afforded

multiple bond hearings and has been found both a flight risk and danger to the community, justifying his continued detention. As such, Petitioner is not entitled to habeas relief. As the assertions underpinning the TRO Request are not supported by the unrebutted record, such request is denied.

IT IS THEREFORE ORDERED that: (1) the TRO Request (Dkt. 2) is denied; and (2) Judgment be entered denying the Petition and dismissing this action with prejudice as to his existing claims, but without prejudice to seeking habeas relief upon a change of circumstances in the future.

Dated: June 26, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge

4